UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RONNIE E. LYONS, JR., )<br>)<br>          Petitioner, )<br>)<br>          v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>          Respondent. ) | No. 2:23-cv-00069-JPH-MJD |

**ORDER FOR PETITIONER TO SHOW CAUSE**

Petitioner Ronnie E. Lyons, Jr., who is incarcerated at the United States Penitentiary in Terre Haute, Indiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the sentence imposed by the U.S. District Court for the Eastern District of Virginia. Dkt. 1 at 2. But a recent Supreme Court decision, *Jones v. Hendrix*, appears to foreclose the Court from granting Mr. Lyons' petition. He is therefore ordered to show cause why his petition should not be dismissed.

Mr. Lyons previously filed a motion to correct his sentence under 28 U.S.C. § 2255 in his criminal proceedings. Dkt. 1 at 4; *see also United States v. Lyons*, 3:11-cr-274-JAG (E.D. Vir. July 25, 2019) at dkt. 59, 60 (dismissing § 2255 motion because claims lack merit).

Although Mr. Lyons attempts to proceed under § 2241, the provisions of 28 U.S.C. § 2255 also apply to his case. Section 2255 provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

1

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*\*\*

(e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

\*\*\*

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause."

In *Jones v. Hendrix*, 599 U.S. \_, \_ S. Ct. \_, No. 21-857, 2023 WL 4110233 (June 22, 2023), the petitioner filed a § 2241 petition challenging his sentence based on a new Supreme Court case interpreting his statute of conviction. *Id.* at \*4. He had previously filed a § 2255 motion and had that motion adjudicated on the merits. *Id.* He argued that he could pursue a new challenge to his sentence in a § 2241 petition because, before the new Supreme Court case was issued, his position was foreclosed by binding circuit precedent, meaning that his § 2255 remedy had been "inadequate or ineffective" to test the legality of

2

his sentence. *Id.* The U.S. Supreme Court affirmed the district court's dismissal of his § 2241 petition for lack of jurisdiction, explaining:

> [T]he saving clause does not authorize . . . an end-run around [§ 2255(h)]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Id.* at *7 (expressly overruling Seventh Circuit's application of the saving clause in *In re Davenport*, 147 F.3d 605, 609–611 (7th Cir. 1998)).

In this case, Mr. Lyons is challenging his sentence, but he already filed a § 2255 motion that was determined on the merits. Thus, under *Jones*, he cannot challenge his sentence through a successive habeas petition unless it fits within the parameters of § 2255(h).[1] *Jones*, 2023 WL 4110233, at *5 (holding "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."). Mr. Lyons' § 2241 petition—which relies on an argument that the Sentencing Guidelines were incorrectly applied in his case—represents such an unauthorized successive collateral attack on his sentence. *Jones*, 2023 WL 4110233 at *9 ("Congress has chosen finality over error correction . . . .").

---

[1] The Court notes that, even if Petitioner's petition presented arguments that fell within § 2255(h), he would be required to bring them in a § 2255 motion addressed to his court of conviction after obtaining permission from the appropriate court of appeals. *See* 28 U.S.C. § 2255(a), (h).

3

Accordingly, on or before **August 8, 2023,** Mr. Lyons shall show cause why his § 2241 petition should not be dismissed for lack of jurisdiction based on the reasoning set forth in *Jones*. The Respondent's Motion to Stay, dkt [9], is **granted** to the extent that the deadline for the United States to answer the allegations of the habeas petition is stayed pending further Order.

**SO ORDERED.**

Date: 7/14/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RONNIE E. LYONS, JR.
79147-083
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov